**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-24724-CIV-SMITH**

ERMES HERNANDEZ, *also known as*
ERMES HERNANDEZ-JUANTORENA,

     Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

     Respondent.

                                         /

**ORDER DISMISSING PETITION**

This matter is before this Court upon Petitioner, Ermes Hernandez's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the "Petition") [DE 1]. Petitioner challenges the legality of his continued post-removal order detention. (*See* Pet. 2–3, 6–7.) A review of the Petition, however, demonstrates that Petitioner's claim is premature. Therefore, the Petition [DE 1] is **DISMISSED WITHOUT PREJUDICE**.

**I.    Background**

Petitioner is a citizen and native of Cuba who is currently detained at the Miami Federal Detention Center in Miami, Florida. *See* Online Detainee Locator, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (searching by A Number: 200-045-386, and Country of Birth: Cuba). Petitioner was taken into immigration custody on February 12, 2026. (Pet. 5.) On May 19, 2026, Petitioner was ordered removed from the United States. (Pet. 5.) Petitioner did not appeal this removal order. (Pet. 5.) Therefore, Petitioner's removal order became administratively final on—at the earliest—May 29, 2026. *See* 8 U.S.C. § 1101(a)(47)(B)

1

(indicating that an order of removal becomes final upon the earlier of either (1) a determination by the Board of Immigration Appeals ("BIA") affirming the order of removal or (2) the expiration of the period in which the alien can seek review of such order by the BIA); 8 C.F.R. § 1003.38(b)(1)–(2) (indicating that, unless an Immigration Judge's decision involved the adjudication of an asylum application, an alien must file with the BIA a Notice of Appeal of an Immigration Judge's decision within 10 calendar days).

On July 1, 2026,[1] Petitioner filed the instant Petition, arguing that his continued detention is "constitutionally unreasonable" because if falls "beyond the removal period" and "removal is not reasonably foreseeable." (Pet. 2, 6.) Petitioner alleges that "efforts to effectuate his removal to Cuba have not resulted in his acceptance or repatriation, and there is presently no indication that removal will occur in the reasonably foreseeable future." (Pet. 6.) Petitioner further maintains that he complied with all of his previous probationary requirements, which he maintains shows that he is neither a flight risk nor a danger to the community. (Pet. 6.) He requests immediate release under appropriate conditions of supervision. (Pet. 7.)

## II.    Legal Standard

### A.    28 U.S.C. § 2241

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under the savings clause of 28 U.S.C. § 2255(e), a federal detainee may bring a habeas petition under 28 U.S.C. § 2241 if "the remedy by motion" brought under 28 U.S.C.

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). "Absent evidence to the contrary," courts "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id.* (citation omitted).

§ 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

Therefore, a petition brought under 28 U.S.C. § 2241 is the proper vehicle through which to

challenge the legality of a noncitizen's immigration detention.  *See Zadvydas v. Davis*, 533 U.S.

678, 687–88 (2001).  "It is the petitioner's burden to establish his right to habeas relief[,] and he

must prove all facts necessary to show a constitutional violation."  *Blankenship v. Hall*, 542 F.3d

1253, 1270 (11th Cir. 2008) (citation omitted).

### B.        Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized

by Constitution and statute."  *Kokkonnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994).  Article III of the United States Constitution limits the jurisdiction of federal courts to

"Cases" and "Controversies."  *See* U.S. Const. art. III,§ 2; *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 559 (1992).  Further, "Congress may withhold from the federal courts jurisdiction over

a class of cases."  *Bourdon v. U.S. Dep't of Homeland Sec.*, 940 F.3d 537, 546 (11th Cir. 2019)

(citation omitted).  Accordingly, when jurisdiction "ceases to exist, the only function remaining

to the court is that of announcing the fact and dismissing the cause."  *Ex parte McCardle*, 74 U.S.

(7 Wall.) 506, 514 (1868); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action").

"The determination of ripeness 'goes to whether the district court had subject matter

jurisdiction to hear the case.'"  *See Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 591

(11th Cir. 1997) (quoting *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir.

1989)).  A claim relying on "contingent future events that may not occur as anticipated, or indeed

may not occur at all," is not ripe, and a court is therefore without jurisdiction to review it.  *See*

*Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Ag. Prods.*

*Co.*, 473 U.S. 586, 580–81 (1985)); *see also Digital Props.*, 121 F.3d at 589 (affirming district court's dismissal on ripeness grounds when the plaintiff's "rush to the courthouse was premature").

### III.    Discussion

####    A.      Petitioner's *Zadvydas* Claim is Premature.

Because Petitioner is subject to a final order of removal, his detention is governed by 8 U.S.C. § 1231(a).  Accordingly, liberally construed, Petitioner argues that his current detention under § 1231(a) is unreasonable and violates the Fifth Amendment's Due Process Clause.  (*See* Pet. 2, 6–7; *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).)

"The starting point for all statutory interpretation is the language of the statute itself." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999) (citing *Watt v. Alaska*, 451 U.S. 259, 265 (1981)).  Section 1231(a)(2)(A) provides that, "[e]xcept as otherwise provided in" Section 1231, an alien ordered removed shall be removed "from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(2)(A).  However, Section 1231(a)(6) "authorizes further detention if the government fails to remove the alien during those 90 days."  *Zadvydas*, 533 U.S. at 682.  Under Section 1231(a)(6), an "alien ordered removed" "may be detained beyond the" 90-day removal period recognized under Section 1231(a)(2)(A) if the alien (1) is inadmissible under 8 U.S.C. § 1182, (2) is removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or (3) has "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. § 1231(a)(6).  Notably, detention under § 1236(a)(6) cannot be indefinite: in *Zadvydas*, the United States Supreme Court ruled that § 1231(a)(6) contained "an implicit 'reasonable time' limitation" of six months.  *Zadvydas*, 533 U.S. at 682; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002) (per curiam) (confirming "that six months is a presumptively reasonable period to detain a removable alien

awaiting deportation" under 8 U.S.C. § 1231(a)(6)).  After six months, detention may become unreasonable "if removal is not reasonably foreseeable."  *Zadvydas*, 533 U.S. at 699–700.

The Eleventh Circuit has construed *Zadvydas* to require a petitioner to show (1) that his "post-removal order detention" exceeds six-months and (2) there is "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.   If the petitioner satisfies this standard, the Government may rebut it by producing evidence that removal is likely in the reasonably foreseeable future.  *Id*. (citing *Zadvydas*, 533 U.S. at 701).

The relevant period to determine whether a petitioner's detention is unreasonable runs from the date that the petitioner's removal period begins to the date on which the petition was filed.  *Cf. Akinwale*, 287 F.3d at 1052 (holding that the six-month period "must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*").   The date on which the "removal period begins" is the latest of either (1) the "date the order of removal becomes administratively final," (2) "[i]f a court orders a stay of the removal of the alien, the date of the court's final order," or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."   8 U.S.C. § 1231(a)(1)(B)(i)–(iii).

Here, Petitioner has not stated a *prima facie* claim under either § 1231 or *Zadvydas*.   In the Petition, Petitioner states that a final order of removal was entered against him on May 19, 2026.  (Pet. 4.)   Petitioner did not appeal that removal order.  (Pet. 4.)   Therefore, Petitioner's removal period began on the date his removal order became final.   *See* 8 U.S.C. § 1231(a)(1)(B)(i).   The earliest date on which Petitioner's removal order could have become final was May 29, 2026.   *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1003.38(b)(1)–(2).

However, the Petition was filed on July 1, 2026–just thirty-three days later.   (Pet. 8.)   Therefore, as of the date of filing, the length of Petitioner's post-removal order detention had not eclipsed either the 90-day statutory removal period established under § 1231 or the six-month period recognized in *Zadvydas*.

Accordingly, on this record, Petitioner has failed to state a claim for relief under § 1231 or *Zadvydas*.   Therefore, on the facts alleged, Petitioner's detention does not violate Due Process at this time, warranting dismissal without prejudice.   *See Bernshtein v. U.S. Att'y Gen.*, No. 25-cv-1153, 2026 WL 352907, at *2 (M.D. Fla. Feb. 9, 2026) (citing *Akinwale*, 287 F.3d at 1052).

## IV.       Conclusion

Having considered the Petition, the record, and being fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1.        The Petition [DE 1] is **DISMISSED WITHOUT PREJUDICE.**

2.        All pending motions are **DENIED AS MOOT**.

3.        This case is **CLOSED**.   The Clerk is **ORDERED** to send a copy of this Order to Petitioner at the address listed below and file a notice of compliance confirming same.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 30th day of July, 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:      **counsel of record**

**Ermes Hernandez,** *pro se*
A# 200045386
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101